IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

vs.

Case No. LKG-22-0380

JASON MICHAEL LEIDEL

\*\*\*\*\*\*

## ORDER OF DETENTION (18 U.S.C. § 3142)

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a bail review hearing/detention hearing has been held. I have concluded that the following facts require the detention of the defendant pending the trial of this case.

### PART I: FINDINGS OF FACT

☒ (1) This is a case in which the government may properly seek detention.

☒ (2) The defendant is charged under: violation of conditions of release.

☒ (3) The maximum term of imprisonment, if convicted, is: NA/revocation of release conditions.

☒ (4) There is probable cause to believe that the defendant committed a violation of release conditions.

☐ The government is entitled to a presumption under § 3142 (e) **[describe in Part II]**.

☐ The defendant has failed to rebut this presumption [as to flight risk] and [as to danger].

☐ (5) I find, by a preponderance of the evidence, from the information produced at the hearing that there is a serious risk that the defendant will not appear.

☒ (6) I find, by clear and convincing evidence, from the information produced at the hearing that the defendant poses a risk to the safety of other persons and the community.

☒ (7) I find by clear and convincing evidence that there is no condition or combination of conditions which will reasonably assure the safety of the community.

### PART II: WRITTEN STATEMENT OF ADDITIONAL REASONS FOR DETENTION

Mr. Leidel is on conditions of release (COR) in this Court set by Judge Xinis but supervised by MDPA where he lives with his parents who are TPCs. Judge Xinis imposed a very stringent prohibition on Mr. Leidel's use of computers and/or internet capable devices. The Government moved to revoke COR based on discovered conduct involving emails and texts quite similar to the underlying charged offense conduct of stalking. The Court granted the motion and revoked Mr. Leidel's COR. On 12/7/2023, Mr. Leidel consented to detention. On 1/17/2024, a hearing was conducted. The Government and Pretrial recommended detention. I find pursuant to 18 U.S.C. § 3148 that there is probable cause to believe that Mr. Leidel has committed federal crimes while on COR, including obstruction of justice and witness tampering. Furthermore, I find by clear and convincing evidence that Mr. Leidel has violated the COR by using internet-capable devices. Therefore, there are no conditions and/or combination of conditions that can be established to reasonably assure the safety of the community. The proposed TPC (sister) is not an acceptable TPC to Pretrial or the Court. I find Mr. Leidel is unable and/or unlikely to abide by any COR this Court may set. Finally, Mr. Leidel has failed to rebut the presumption under § 3148(b).

The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the U.S. Marshal shall deliver the defendant for the purpose of an appearance in connection with a court proceeding.

January 17, 2024
Date

Timothy J. Sullivan
Chief United States Magistrate Judge