IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. 22-cr-0380-LKG |
| | * | |
| JASON MICHAEL LEIDEL, | * | |
| | * | |
| Defendant. | * | |

*******

**UNITED STATES OPPOSITION TO
DEFENDANT'S APPEAL OF ORDER OF DETENTION [ECF 103]**

The United States of America, by its undersigned counsel, hereby submits this response to Defendant Jason Leidel's appeal of United State Magistrate Judge Sullivan's Order of Detention. ECF 103.  For the reasons stated herein, upon which we expect to elaborate during a hearing on this motion, the Government opposes Leidel's release from Pretrial Detention.

**Facts and Procedure**

Leidel was charged in a then sealed criminal complaint on October 20, 2022.  ECF 1.  A 91-page, redacted Affidavit in support of said complaint[1] was unsealed immediately thereafter. ECF 6.  Following a hearing on October 24, 2022, United States Magistrate Judge Copperthite ordered Leidel detained.  ECF 25.  Leidel was indicted on November 3, 2022.  ECF 34.

On January 9, 2023, District Judge Xinis, who at that time presided over this case, held a hearing to review Judge Copperthite's order.  ECF 39.  It was very obvious that Judge Xinis had carefully reviewed the Affidavit in support of the Criminal Complaint.  Despite the Government's opposition to Leidel's release, Judge Xinis ordered his release to the supervision of Pretrial Services in the third-party custody of his parents in the vicinity of Scranton,

---

[1] The affidavit also supported applications for a search warrant for Leidel; the search and arrest of a second subject; and the search of Leidel's residence.

Pennsylvania.  ECF 40 at 1.  Among the very strict conditions of Leidel's release was a virtual outright proscription on his access to the internet and/or internet capable devices, regardless of location: "No use of computer systems, Internet-capable devices and/or similar electronic devices at any location."  *Id.* at 3, ¶ 8(v).  Judge Xinis included a provision in his release order requiring his parents to "swear in a notarized affidavit that they removed all internet capable devices, and will not facilitate any new devices, that they will keep their cellphones on their person[s] at all time, password protect their cellphones, and restrict the defendant from using their cellphones."  *Id.* ¶ 8(w).  In short, Judge Xinis did not want Leidel to have any access to the internet.

Subsequent modifications to the conditions of release were made to afford Leidel the opportunity to conduct legal affairs involving his children, and to meet with counsel, but the restrictions on internet access were never changed.

On or about December 6, 2023, the Government sought the revocation of Leidel's release and his arrest.  ECF 96.  Simultaneously and based on facts as alleged in an affidavit similar to the facts submitted in support of the Motion to Revoke, the Government obtained a warrant to search the residence of Leidel's third-party custodian and vehicle.  The motion to revoke was based on probable cause to believe that Leidel had directly violated Judge Xinis' conditions of release and engaged in online conduct intended to obstruct and harass persons associated with the prosecution of his case.  After a January 17, 2024, detention hearing before United States Magistrate Judge Sullivan, Leidel was ordered detained.  ECF 103.

When the FBI arrested Leidel on December 7, 2023, and executed the search warrant, they seized from what appeared to be Leidel's custody, a Black PS Vita, Sony Model PCH-1001, gaming controller, with a charging cord.  Although attempts to view the historical internet site

pages were unsuccessful, inspection and review indicated internet activity on October 20, 2023 and November 10, 2023.

Furthermore, when agents attempted to interview Leidel's father regarding internet capable applications on his cellphone, he gave conflicting and evasive answers. In fact, during Leidel's above-referenced hearing on January 17, 2024, the Government implied that Leidel's father was either complicit in Leidel's conduct in violation of Judge Xinis' order or, in contravention of the obligations he undertook as a third-party custodian, he failed to prevent Leidel's use of his internet capable cellphone to perpetrate the obstructive behavior alleged in the motion to revoke.

**Argument**

Leidel violated the very clear, unambiguous prohibitions on his use of internet capable devices and access to the internet. Moreso, he did so to engage in obstructive and harassing conduct, usurping the identity of a third-party otherwise unrelated to the prosecution of his case. His conduct was intended to impact the credibility of potential government witness(es) and harass government parties associated with the case.

The Government has not heretofore contended that Leidel is a flight risk, given his status in the United States Navy, given the administrative procedures relative to his status, that assessment might be subject to review.[2] But, much more compelling is Leidel's continued risk to the community, his risk to witnesses and his risk of further attempts to impede and obstruct the prosecution. Moreover, by all appearances, Leidel has, by his actions, implicated his father in

---

[2] The Defendant suggests that he has been an outstanding member of the community and implies his military service commendable. Leidel further references his commander's assessment of his worthiness to continue working. The Government submits that a more careful scrutiny of what his commander considered acceptable "continued work" under the extreme constraints imposed by Judge Xinis, would indicate that to be a farce, not worthy of credit.

this scheme.  He simply cannot meet his burden of demonstrating suitability for release, again.

**Conclusion**

For, those reasons and others that will be further explicated during a hearing on this appeal, the Government strongly opposes the Defendant's release from Pretrial Detention.

                                           Respectfully submitted,

                                           Erek L. Barron
                                           United States Attorney

By:      */s/ P. Michael Cunningham*
                                           P. Michael Cunningham
                                           Thomas M. Sullivan
                                           Assistant United States Attorneys